NUMBER 13-03-543-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

CHRISTOPHER JOE RAMIREZ,                                                     Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                                       


On appeal from the 24th District
Court of Victoria County, Texas.

                                                                                                                      


MEMORANDUM OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 








On April 19, 2001, pursuant to a plea agreement,
appellant, Christopher Joe Ramirez, pleaded guilty to the offense of aggravated
sexual assault.[1]  The trial court deferred adjudication and
placed appellant on community supervision for ten years and assessed a
$4,000.00 fine.  On November 22, 2002,
the State moved to adjudicate guilt, alleging six violations of appellant=s community supervision, including an allegation
that appellant committed sexual assault on September 21, 2002.[2]  Following a hearing on the State=s motion, the trial court found appellant had
violated the terms of his community supervision as alleged, adjudicated him
guilty, and assessed his sentence at life imprisonment plus a $4,000.00
fine.  Appellant=s counsel has filed a brief with this Court
asserting there is no basis for appeal.[3]  We agree, and affirm the trial court=s judgment.

Anders Brief

According to counsel=s
brief, he has reviewed the clerk=s record and reporter=s
record and has concluded that appellant=s appeal is frivolous and without merit.[4]  The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal.[5]  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court=s judgment. 
In the brief, appellant=s counsel states that he has informed appellant of
his right to review the appellate record and to file a pro se brief.[6]  No such brief has been filed.








Upon receiving a Afrivolous
appeal@ brief, the appellate courts must conduct Aa full examination of all the proceedings to decide
whether the case is wholly frivolous.@[7]  We have
carefully reviewed the appellate record and counsel=s brief.  We
agree with appellant=s counsel that the appeal is wholly frivolous and
without merit.[8]  Accordingly, we affirm the judgment of the
trial court.     

                                                Motion
to Withdraw

In accordance with Anders, counsel has asked
permission to withdraw as counsel for appellant.[9]  An appellate court may grant counsel=s motion to withdraw filed in connection with an Anders
brief.[10]  We grant counsel=s motion to withdraw.

We order counsel to advise appellant promptly of the
disposition of this case and the availability of discretionary review.[11]                                                   
                         

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

 

 

Do not publish.                      

Tex. R. App. P. 47.2(b)

 

Memorandum opinion delivered and 

filed this the 20th day of July, 2006.











[1] See Tex. Pen. Code Ann.' 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2005). 





[2] See Tex. Pen. Code Ann. ' 22.011(a)(2) (Vernon Supp. 2005).





[3] See Anders v. California,
386 U.S. 738, 744 (1967).





[4] See id.  





[5] See Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 





[6] See Sowels v. State, 45
S.W.3d 690, 693 (Tex. App.BWaco 2001, no pet.). 






[7] Penson v. Ohio, 488 U.S.
75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex. App.BCorpus Christi 2004, no pet.).  





[8] See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005).





[9] See Anders, 386 U.S. at
744.





[10] Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal
from case).  





[11] See Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997).